COPY

Rob D. Cucher, SBN 219726
LAW OFFICES OF ROB D. CUCHER
1875 Century Park East, Suite 2150
Los Angeles, California 90067
Telephone: (310) 795-5356
Facsimile: (310) 837-1996
cucherlaw@msn.com

Attorneys for Plaintiffs,
RONALD JOHNSON and JEFFERY BERKLEY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| Ronald Johnson, an individual, and Jeffery Berkley, an individual, | Case No.: ED CV 12 - 01309 VAP SPx |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| vs. | |
| The Tatitlek Corporation, a corporation; Tatitlek Support Services, Inc., a corporation; Tatitlek Training Services, Inc., a corporation; inclusive, | |
| Defendants. | |

COME NOW, Plaintiffs RONALD JOHNSON and JEFFERY BERKLEY allege as follows:

1.  This is an action brought by Plaintiffs seeking damages from Defendants for acts of discrimination and retaliation based on race. This suit is authorized and instituted per 42 United States Code, Sections 1981(a) and (b), and Section 1983. Jurisdiction of this Court is established under 28 United States Code, Section 1331.

COMPLAINT FOR DAMAGES

1. Venue lies with this Court pursuant to 28 United States Code, 1391(b) as the acts giving rise to the claims alleged herein occurred within this district and Defendants were employers entering into contracts with their employees in this County.

2. This is a civil action brought on behalf of the Plaintiffs, Ronald Johnson and Jeffery Berkley, African-American males, to redress the injury caused to them by the deprivation of their rights and privileges as secured by the Constitution and laws of these United States as a result of the intentional acts of the Defendants.

3. Plaintiff, Ronald Johnson ("Johnson"), a person of full age and majority, is a resident of the City of Los Angeles, County of Los Angeles, State of California.

4. Plaintiff, Jeffery Berkley ("Berkley"), a person of full age and majority, is a resident of the city of 29 Palms, County of San Bernardino, State of California.

5. Made defendants herein are The Tatitlek Corporation, Tatitlek Support Services, Inc., and Tatitlek Training Services, Inc., (collectively, "Defendants" or "Tatitlek"). The Tatitlek Corporation is an Alaskan Native Corporation which, with its related corporate entities based in California and/or Alaska, work under contracts with the United States Marine Corps ("USMC") to supply role players for a series of training exercises taking place at the USMC's military base in 29 Palms in the County of San Bernardino, State of California. Defendants are qualified to do business and are doing business in the County of San Bernardino.

6. Plaintiffs are informed and believe that the military base is not a federal enclave but rather it is California land over which California retains sovereignty.

7. Plaintiffs Johnson and Berkley (collectively, "Plaintiffs"), were two of hundreds of American citizens employed by Tatitlek as of 2006 when Tatitlek won the contract with the USMC to provide role players to help train the military personnel for tactical missions in the Middle East. Plaintiffs were in the first group of role players in 2006, helping to create and implement Tatitlek's entire business model and operations. Plaintiffs were employed by Tatitlek from 2006 until on or about the end of 2011 when they were both constructively terminated.

8. Plaintiffs were made "Key Leaders" in or around early 2009, and worked extra days and received a salary increase from $13 to $15 per hour. The manager who placed Plaintiffs in this position left to join the USMC in 2009, leaving control of the unit to manager Joseph Koontz. Koontz immediately took away the promotion for Plaintiffs, and for mostly all other non-Caucasian personnel who had been promoted. The African Americans were being replaced by Caucasian employees in these positions.

9. Under Koontz' watch, Plaintiffs and others were subject to harassment and discrimination and were demoted for no legitimate reason. Plaintiffs' work days were cut from 13-20 days per month to 4 days per month, and they were both subject to offensive name calling. Both were being called "Nigger" by supervisors

and Plaintiff Johnson was referred to as "Big Black" despite his constant complaints about it.

10. In or around February 2010, Plaintiffs called Tatitlek headquarters in Alaska to complain about the racial animosity, the reduced days and salary, and about the fact that Caucasian employees with less seniority were being promoted and given more days.

11. Following the complaint by Plaintiffs, Koontz called Plaintiff Johnson to get an explanation as to why he complained to headquarters. Koontz told Johnson that he would look into the complaints. Following this conversation, both Plaintiffs received no days of work for the remainder of February 2010, and then no work for the entire months of March 2010 and April 2010. Plaintiffs did not receive any assignments nor did they hear from Koontz or headquarters regarding the complaints. Both continued to call headquarters in Alaska and Koontz in California to complain.

12. On May 6, 2010, Plaintiff Johnson received three telephone calls from a Tatitlek office number. The first two calls demanded that the 'Nigger stop complaining' and stated that since Johnson was not working, "you can't buy no more dog shit to wash your Black mouth and Black face." On the third call, the caller remained silent in an intimidating and threatening fashion.

13. Following the third call, Plaintiff Johnson called Koontz to complain about the calls. Koontz finally called Plaintiffs back in to work. However, they worked approximately only four days through the end of May and June 2010. From this point, Plaintiffs worked approximately 4 days per month, as opposed to the 15 days they previously worked and that less qualified Caucasian employees were working.

14. On the days they did work, they were both subject to the same harassment and disparaging remarks as they had been before, except more regularly and in a more threatening fashion. Plaintiffs were subject to discriminatory harassment and retaliation in the form of racial slurs and threats of violence. Plaintiffs both began to fear for their safety as the worksite was a military base and the supervisors who were calling them both "Niggers" had access to live weapons. Moreover, Johnson was still being called Big Black regardless of his complaints, and Berkley was being called "Nigger" on a regular basis, by their Caucasian supervisors.

15. This conduct was taken against Plaintiffs based solely on their race, as Defendants had shown a pattern of such discriminatory conduct against only African American employees.

16. In October 2010, Plaintiffs filed complaints with the Equal Employment Opportunity Commission and the Dept. of Fair Employment and Housing. Those cases were closed and Right to Sue Notices issued due to Tatitlek's immunity as an Alaskan Native Village Corporation to Title VII and related state claims.

17. Plaintiffs are informed and believe and based thereon allege that the actions taken by Defendants as described herein were done due to Defendants' mistaken belief that they are untouchable and not subject to the American legal justice system. This action is brought pursuant to 42 United States Code, Sections 1981, 1981(b) and 1983 (collectively, "Section 1981"). Section 1981 contains no similar exception for Alaskan Native Corporations. Its civil cause of action, enacted as part of the Civil Rights Act of 1866, states, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens. . ." Section 1981 makes no mention of Alaskan Native Corporations or Indian tribes, and it includes no terms that could be construed to set such entities outside the statute's reach.

18. Section 1981 applies to all contracts, including those between employer and employee. Plaintiffs were employees of Tatitlek.

19. Section 1981 prohibits discrimination and retaliation based on race. From 2008 through most of 2009, Plaintiffs were advanced trainers and worked 15 to 20 days per month. Following the complaints of racial discrimination, harassment, and demotion in February 2010, they were given no hours. Following further complaints, they were given only 4 days per month, and were constantly threatened and racially harassed. Then, after filing the EEOC complaint in October 2010, they received even less than 4 days per month, going many months with no work at all.

20. Defendants acted with the intent to discriminate against Plaintiffs. Caucasian employees who Plaintiffs had trained were now being promoted over them and receiving more days. In 2006 there were many Black employees. As of 2010 there were nearly none. Race was a motivating factor in Defendants' decision to demote, harass, and retaliate against Plaintiffs, as they were repeatedly called racially charged offensive names despite complaints, and they were clearly targeted based on their race along with the other Black and non-Caucasian employees.

21. Section 1981 prohibits retaliation based on race. Plaintiffs were both subject to retaliation in the form of demotions, cut hours, cut salaries, racial slurs and threats, and ultimately constructive termination after complaining about unlawful practices and racism. This conduct is retaliatory and in violation of 42 United States Code, Sections 1981 and 1981(b), and in violation of §1983 for an entity acting under powers of the state, which Plaintiffs are informed and believe that Tatitlek may have been pursuant to its contract with the USMC.

22. As a result of the intentional, malicious, reckless and willful acts of discrimination and retaliation by Defendants, Plaintiffs have suffered damage to their reputation, loss of income, emotional distress, mental anguish, humiliation, and pain and suffering.

23. This claim is being filed within 4 years of the unlawful practices and injuries caused therefrom.

24. Plaintiffs both request a trial by jury on all issues triable by same.

25. Plaintiffs both seek recovery of actual damages - including front and back pay, compensatory damages, punitive damages, costs, legal interest, and attorneys' fees.

WHEREFORE, Plaintiffs pray that Tatitlek be cited to appear and answer this complaint and after due proceedings be had, there be judgment herein in their favor and against Tatitlek for damages as requested herein; together with all costs and legal interest. Plaintiffs further pray for reasonable attorneys' fees, costs and expenses incurred in this matter; a trial by jury on all issues triable by same; and for all and any other such further relief as justice may deem appropriate and require.

Respectfully submitted,

*[signature]*

Rob D. Cucher, SBN 219726

1. Rob D. Cucher, Esq.
   Law Offices of Rob D. Cucher
   1875 Century Park East, Suite 2150
   Los Angeles, CA 90067
   Tel: (310) 795-5356
   Fax: (310) 837-1996
   cucherlaw@msn.com